IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | | |
|---|---|---|
| Donald H. Hill, Jr., | ) | |
| | ) | |
| Petitioner, | ) | C.A. No. 5:22-4628-HMH-KDW |
| | ) | |
| | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Charles Williams, Jr., Perry Correctional Institution, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on the report and recommendation of United States Magistrate Judge Kaymani D. West made in accordance with 28 U.S.C. § 636(b)(1) and District of South Carolina Local Civil Rule 73.02.[1] Petitioner Donald H. Hill, Jr. ("Hill"), a state prisoner, seeks habeas corpus relief under 28 U.S.C. § 2254. For the reasons below, the court adopts Magistrate Judge West's report and recommendation, grants Respondent's motion for summary judgment, and denies Hill's petition.

I. FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Hill pled guilty to sixteen counts of first-degree burglary, in violation of S.C. Code Ann. § 16-11-311. (Return Attach. 1 (App'x Vol. 1 at 5, 62), ECF No. 11-1.) The charges stemmed from a series of residential break-ins Hill committed in Spartanburg County from October 2008 to May 2009. (Id. Attach. 1 (App'x Vol. 1 at 17-22), ECF No. 11-1.) The trial

---

[1] A report and recommendation carries no "presumptive weight," and the responsibility for making a final determination remains with the court. Mathews v. Weber, 423 U.S. 261, 271 (1976). The court reviews de novo "those portions of the report . . . to which objection is made" and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge" or "recommit the matter . . . with instructions." 28 U.S.C. § 636(b)(1).

1

court sentenced Hill to thirty years' imprisonment on each count, to be served concurrently. (Id. Attach. 1 (App'x Vol. 1 at 62), ECF No. 11-1.) Hill filed a notice of appeal, which he later withdrew. (Id. Attach. 1 (App'x Vol. 2 at 42), ECF No. 11-2.)

In 2012, Hill applied for post-conviction relief ("PCR"). (Id. Attach. 1 (App'x Vol. 2 at 44), ECF No. 11-2.) He claimed, among other things, that trial counsel did not effectively challenge the "enhancement" of his burglary charges. (Return Attach. 1 (App'x Vol. 3 at 37-38), ECF No. 11-3.) Under South Carolina law, a person is guilty of second-degree burglary "if the person enters a dwelling without consent and with intent to commit a crime therein." S.C. Code Ann. § 16-11-312(A). The same act constitutes first-degree burglary if the person has "a prior record of two or more convictions for burglary or housebreaking or a combination of both." Id. § 16-11-311(A)(2). Hill asserted that trial counsel was ineffective for not arguing that his six prior burglary convictions[2] should have been treated as a single conviction under the reasoning of State v. Gordon, 588 S.E.2d 105 (S.C. 2003). (Return Attach. 1 (App'x Vol. 2 at 20-23), ECF No. 11-2); (Id. Attach. 1 (App'x Vol. 3 at 37-38), ECF No. 11-3); Gordon, 588 S.E.2d at 111 (holding that South Carolina's recidivist statute, S.C. Code Ann. § 17-25-45, must be construed together with § 17-25-50 "in determining whether crimes committed at points close in time qualify for a recidivist sentence"). Under Hill's logic, he could not have been charged with or convicted of first-degree burglary under § 16-11-311(A)(2) because he did not have "a prior record of two or more convictions for burglary or housebreaking."

---

[2] In 1993, Hill pled guilty in North Carolina state court to six counts of second-degree burglary. (Return Attach. 1 (App'x Vol. 3 at 46-51), ECF No. 11-3.) The charges arose out of incidents occurring on December 11, December 18, and December 28, 1992. (Id. Attach. 1 (App'x Vol. 3 at 46-51), ECF No. 11-3.)

2

The PCR court denied Hill's request for relief in 2019. (Return Attach. 1 (App'x Vol. 3 at 27-34), ECF No. 11-3.) Regarding Hill's ineffective-assistance claim, the PCR court observed that the South Carolina Supreme Court overturned Gordon nearly a year before Hill pled guilty and was sentenced. (Id. Attach. 1 (App'x Vol. 3 at 32), ECF No. 11-3); see Bryant v. State, 683 S.E.2d 280, 282-83, 285 (S.C. 2009) (overruling Gordon's "assessment of legislative intent concerning sections 17-25-45(F) and 17-25-50" and holding that "section 17-25-45 sets forth a straightforward timing feature for identifying 'a prior conviction'"). The PCR court further explained that, even if Gordon remained good law, it would not have applied to Hill since he was not sentenced to life without parole as a recidivist under § 17-25-45. (Return Attach. 1 (App'x Vol. 3 at 32), ECF No. 11-3.) Thus, the PCR court concluded, trial counsel was not ineffective for failing to argue for the application of an overturned, inapplicable case. (Id. Attach. 1 (App'x Vol. 3 at 32), ECF No. 11-3.)

Hill timely appealed the PCR court's ruling to the South Carolina Supreme Court, which transferred Hill's appeal to the South Carolina Court of Appeals. (Id. Attach. 2, ECF No. 11-5); (Id. Attach. 5, ECF No. 11-8.) The court of appeals denied Hill's petition for a writ of certiorari in August 2022. (Id. Attach. 6, ECF No. 11-9.)

With the benefit of counsel, Hill filed the instant habeas petition on December 21, 2022, raising a single ground for relief: "The South Carolina courts unreasonably failed to grant Petitioner relief when Petitioner was denied effective assistance of counsel in trial counsel's failure to present case law that may have prevented Petitioner's charges from being enhanced." (§ 2254 Pet. 3, ECF No. 1.) On March 17, 2023, Respondent moved for summary judgment. (Mot. Summ. J., ECF No. 12.) Hill responded in opposition on March 30, 2023. (Resp. Opp'n, ECF No. 14.) On December 13, 2023, Magistrate Judge West issued a report and

recommendation recommending that the court grant Respondent's motion for summary judgment and deny Hill's petition. (Id. at 21, ECF No. 23.) After receiving an extension of time, Hill filed objections to the report and recommendation on January 4, 2024.[3] (Objs., ECF No. 28.) This matter is ripe for review.

## II. LEGAL STANDARDS

### A. Summary Judgment

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). In deciding whether a genuine issue of material fact exists, the court views "all facts and reasonable inferences in the light most favorable to the nonmoving party." Ballengee v. CBS Broad., Inc., 968 F.3d 344, 349 (4th Cir. 2020). To withstand summary judgment, however, "the nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a scintilla of evidence." Dash v. Mayweather, 731 F.3d 303, 311 (4th Cir. 2013). Rather, the nonmoving party must "cit[e] to particular parts of materials in the record" establishing a genuine dispute or "show[] that the materials cited [by the moving party] do not establish the absence . . . of a genuine dispute." Fed. R. Civ. P. 56(c)(1).

---

[3] "To trigger de novo review, an objecting party 'must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.'" Elijah v. Dunbar, 66 F.4th 454, 460 (4th Cir. 2023) (quoting United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007)). In the absence of specific objections, the court reviews only for clear error, Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005), and need not give any explanation for adopting the report, Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983).

**B. Habeas Relief Under 28 U.S.C. § 2254**

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court may consider a state prisoner's habeas petition "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). To obtain habeas relief under the AEDPA, a petitioner must show that the PCR court's ruling

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state-court decision is "contrary to" clearly established federal law "if the state court applies a rule different from the governing law set forth in [the Supreme Court's] cases, or if it decides a case differently than [the Supreme Court has] done on a set of materially indistinguishable facts." Bell v. Cone, 535 U.S. 685, 694 (2002). Stated another way, the petitioner must show that the decision was "diametrically different" from, "opposite in character or nature" to, or "mutually opposed" to a prior Supreme Court decision. Williams v. Taylor, 529 U.S. 362, 405 (2000) (internal quotation marks omitted).

A state-court decision involves "unreasonable application" of clearly established federal law when "the state court correctly identifies the governing legal principle . . . but unreasonably applies it to the facts of the [petitioner's] case." Bell, 535 U.S. at 694. A reviewing federal court cannot grant habeas relief simply because it "concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable." Williams, 529 U.S. at 411. Thus, if "fairminded jurists could disagree on the correctness of the state court's decision," relief is

precluded under the AEDPA. Harrington v. Richter, 562 U.S. 86, 101 (2011) (internal quotation marks omitted).

Finally, for a state court's factual determination to be unreasonable, "it must be more than merely incorrect or erroneous" – it must be "sufficiently against the weight of the evidence that it is objectively unreasonable." Williams v. Stirling, 914 F.3d 302, 312 (4th Cir. 2019) (internal quotation marks omitted). The AEDPA instructs that a state court's factual determinations are "presumed to be correct" and may be overturned only by "clear and convincing evidence." 28 U.S.C. § 3354(e)(1).

### C. Ineffective Assistance of Counsel

For ineffective-assistance-of-counsel claims, the "clearly established Federal law" is Strickland v. Washington, 466 U.S. 668 (1984). To prevail under Strickland, a petitioner "must show that counsel's performance was deficient" and "that the deficient performance prejudiced the defense." Id. at 687. Deficient performance means that "counsel's representation fell below an objective standard of reasonableness" as measured by "prevailing professional norms." Id. at 688. In evaluating the performance prong, the court "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." Id. at 689. To establish prejudice under the second prong, a defendant must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. The court may address either Strickland prong first and need not address both if one is dispositive. Id. at 697.

When a § 2254 petition raises ineffective assistance of counsel as a ground for relief, review is "doubly" deferential: "[T]he question is not whether counsel's actions were reasonable" but "whether there is any reasonable argument that counsel satisfied Strickland's

6

deferential standard." Harrington, 562 U.S. at 105 (emphasis added). This standard requires that the court give "both the state court and the defense attorney the benefit of the doubt." Burt v. Titlow, 571 U.S. 12, 15 (2013). Practically speaking, "a federal court may grant relief only if every 'fairminded juris[t]' would agree that every reasonable lawyer would have made a different decision." Dunn v. Reeves, 141 S. Ct. 2405, 2411 (2021) (emphasis in original) (quoting Harrington, 562 U.S. at 101).

### III. DISCUSSION

This habeas action presents a single issue: whether it was unreasonable for the PCR court to conclude that trial counsel was not ineffective for failing to argue that Hill lacked the requisite number of prior burglary convictions to support his convictions under § 16-11-311(A)(2).[4] See Harrington, 562 U.S. at 101 ("The pivotal question is whether the state court's application of the Strickland standard was unreasonable."). Applying the AEDPA's deferential standard of review, the court holds that the PCR court's determination was not objectively unreasonable.

As the PCR court explained, Gordon addressed the interplay between South Carolina's recidivist statute, § 17-25-45, and § 17-25-50. Section 17-25-45 requires that a life-without-parole sentence be imposed when a person is convicted of a second "most serious" offense or a third "serious" offense. S.C. Code Ann. § 17-25-45. Section 17-25-45's neighboring provision, § 17-25-50, provides:

> In determining the number of offenses for the purpose of imposition of sentence, the court shall treat as one offense any number of offenses which have been committed at times so closely connected in point of time that they may be

---

[4] Because the South Carolina Court of Appeals summarily denied Hill's petition for a writ of certiorari, the court "look[s] through" to the PCR court's decision. Wilson v. Sellers, 138 S. Ct. 1188, 1192 (2018) (instructing that a federal habeas court should "look through" unexplained state-court decisions "to the last related state-court decision that does provide a relevant rationale").

> considered as one offense, notwithstanding under the law they constitute separate and distinct offenses.

Id. § 17-25-50 (emphasis added).  The Gordon court took the view that "the recidivist statute is aimed at . . . those who have been previously sentenced and then commit another crime" and not "those whose recidivist status is premised solely upon acts which occur at times so closely connected in point of time that they may be considered as one offense." 588 S.E.2d at 111. Thus, it held that §§ 17-25-45 and 17-25-50 "must be construed together in determining whether crimes committed at points close in time qualify for a recidivist sentence." Id. (emphasis added).

In denying Hill's ineffective-assistance claim, the PCR court held that "Gordon is not applicable in the context of [Hill's] case" because his sentence was not enhanced under § 17-25-45. (Return Attach. 1 (App'x Vol. 3 at 32), ECF No. 11-3.)  This court is bound by the PCR court's interpretation of South Carolina law. Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); Sharpe v. Bell, 593 F.3d 372, 383 (4th Cir. 2010) ("It is beyond the mandate of federal habeas courts . . . to correct the interpretation by state courts of a state's own laws.").  It follows, then, that trial counsel cannot be deemed ineffective for failing to make a meritless argument based on an inapplicable case. Freeman v. Att'y Gen., 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim."); Richardson v. Palmer, 941 F.3d 838, 857 (6th Cir. 2019) ("[D]efense counsel cannot be deemed ineffective for failing to make an argument that would have been futile."); United States v. Kilmer, 167 F.3d 889, 893 (5th Cir. 1999) ("An attorney's failure to raise a meritless argument . . . cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue."). Accordingly, because the PCR court's decision did not involve an unreasonable application of

clearly established federal law, Hill is not entitled to habeas relief on his ineffective-assistance claim.

It is therefore

**ORDERED** that Hill's § 2254 petition, docket number 1, is denied and that Respondent's motion for summary judgment, docket number 12, is granted. It is further

**ORDERED** that a certificate of appealability is denied because Hill has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

                                                                       s/ Henry M. Herlong, Jr.
                                                                       Senior United States District Judge

Greenville, South Carolina
January 19, 2024